O’Neall, J.
I dissent from the judgement of my brethren in this case. The defendant’s bond does not require more in the discharge of his duties than the law demanded. It is “ well and truly to do and perform all and singular the duties required of him by law.” To see whether the condition of the bond be broken, it is necessary to inquire what duties arc required of the deputy by law. So that the bond may be altogether laid out of the question. A deputy sheriff in this State does not stand upon the same footing as he does in England. There he is the sheriff’s substitute in discharging most of his ministerial duties, without either his advice or control. Here all his acts are under the immediate supervision of the sheriff, who, not only in theory, but also in fact, discharges the duties of his office. A deputy sheriff is the mere agent of the sheriff, who is responsible for all his acts done in the course of his employment. The law applicable to principal and agent, is that which applies to and governs the relations between the sheriff and his deputies in this State. It is however said that the deputy sheriff is an officer known to the common law, “and the sheriff can neither limit nor abridge the power of his deputy while in office,” 1 Back. Sh’ff. 14, and that therefore the *654 deputy is liable for all acts done viriuie officii. Although I admit that the deputy sheriff is an officer at common law, yet I hold that his powers are in this State abridged by the change in the manner in which the duties of his office of sheriff are. performed. It would be strange indeed to say that the sheriff who is in the actual discharge of the duties of his office, could not say- to one deputy, “ you shall not receive money on execution,” and say to another, “ you shall not execute a writ beyond such a line.” But in England, where the deputy receives and executes business on his own responsibility, such instructions would be illegal. For all illegal acts done by the deputy of his own mere motion, he is liable to the sheriff. But where he acts by the sheriff’s command or instruction, either expressed or implied, he is not liable ; for in such a case, the act done is not his act, hut that of the sheriff, In this case it seems to me, that the error is, in supposing that there is a difference in effect between implied and express instructions; as I understand the matter, the only difference is in the proof. In the one case you prove the sheriff’s command as given, in the other you prove circumstances from which it may be presumed that he commanded the act to be done as it was done. The facts proved in this case might have authorized the jury to have concluded that the bail bond was taken according to present or previous instructions, and if so, then their verdict should have been for the defendant. That the judge below did not so submit the case to the jury, is, I think, good cause for a new trial.